Please call the next case. 214-0168, Village of Lyons v. Harry Square. Proceed. Thank you. Good morning, your honors. James Zahauer on behalf of the plaintiff, the Village of Lyons. May it please the court and counsel. We are here today as this case presents a manifest wage review of the employer's appeal from the circuit court's decision which affirmed the Illinois Workers' Compensation Commission decision of a causal relationship between the claimant's employee's accident on January 13, 2011 and his alleged condition of ill-being. Now as outlined in our briefs, the evidence and testimony ascertained at trial reveal numerous inconsistencies as well as facts pointing to a chronic and unchanged medical condition prior to the motor vehicle accident such that this honorable court should arrive at an opposite conclusion and reverse the Illinois Workers' Compensation. Let's hone in on your initial point. I think you've done a good job of raising alleged inconsistencies in some of the testimony with the claimant. But what are we to do with that because I'm sure you know as an experienced attorney that issues of credibility are exclusively within the province of the commission. We cannot ever substitute our judgment and credibility. Regardless of how inconsistent you believe the claimant was, that's not our job. That is true. There is a credibility component to the argument. However, it is the duty of this honorable court to weigh the fact-finding and the standard being manifest way to the evidence where it is plainly apparent. To the extent that when we decide manifest way we do engage in some form of weighing, we don't re-weigh the evidence and come to the conclusion we think the trial facts should come to. Under manifest way, we look at the evidence in a way to determine whether there is any valid evidence in the record to support the conclusion of the commission. If the answer to that is yes, it's not against the manifest way. If you have two competing experts' opinions and you have Lanoff versus Glazer, was there something insufficient about the foundation for Glazer's opinion? Yes, I do believe so. Basically, the decision of the Illinois Workers' Compensation Commission and the arbitrator ignored the evidence contained within the medical records. When you're at trial and a claimant testifies, what does any trial fact do but weigh that testimony versus the medical evidence in the case? Well, I'm not sure that that addresses the question. Glazer expressed a causation opinion. Correct. In favor of the claimant. Was it invalid? Did he rely on things that he should not have relied on? In other words, was it a valid opinion? You may disagree with it. Lanoff may have disagreed with it. But if it's not based on something that was erroneous or should not have been relied upon, it's there for the commission to decide, and that's where you get into the weight issue. Correct. We do believe, however, that the opinions expressed and the difference between Dr. Glazer and Dr. Lanoff is based upon the totality of the medical evidence those records admitted prior to the work accident of January 13, 2011. And those records and the medical evidence as a whole is the basis on which Dr. Lanoff arrived at his opinions that the pain that this gentleman experienced was ongoing all the way up to nearly the date of the accident. He was taking numerous pain pills, up to 120 a month, maybe 90 about that time. But it varied between 90 and 120. The point was that was for a different part of the body. He testified he had no history of thoracic spine pain prior to the accident. But let me ask you this, because I think the commission did something we don't always see here, and you're talking about legitimately the foundation of the opinions. The commission specifically set forth problems with Lanoff's testimony. Did they not? They specifically found Lanoff mischaracterized some of the claimant's medical records, and they specifically found he did not review others. So the commission itself found a foundational problem with Lanoff's testimony. Did they not? Right or wrong? Didn't they opine he had some problems with his testimony? Well, they did favor, of course, the testimony of Dr. Glazer. But, I mean, they pointed out the deficiencies or what they felt were deficiencies in Lanoff's. Did they not? Certainly, but Commissioner Landborn in his dissent did not. Granted, it was a two-to-one decision, and Dr. Land or, I'm sorry, Commissioner Landborn Lanoff wasn't on the commission, too. Then we'd have no chance, right? Or a great chance. Dissent is what it is. It's a dissent. It's not the finding of the commission. And the majority of the commission credited Glazer's opinion. So what's wrong with that? Well, what's wrong with that is the commission ignored the totality of the medical evidence and only weighed a portion of it. The way they wrote the opinion only relied upon Petitioner's testimony, which was inconsistent, and a certain portion of the medical evidence, that being primarily Dr. Glazer's records, and did ignore not only an expert admittedly hired on behalf of the Respondent to perform an independent medical examination. Do you think independent medical examinations are independent in the traditional sense of the term? Well, they're allowed under the Workers' Compensation Act. Well, we know the question they're allowed. But do you think they're really independent in the traditional sense of the term? I do. I do. You really do? I do. I think Dr. Lanoff is a credible doctor. His credibility is not called into question. I mean, the commission deals with these hired experts on a daily basis. Correct. And they know who they are, and they know from whence they come. And they know what they're expected to say when they say it. So in many cases, the commission puts its thumb in favor of the treaters against the paid professional. And in many cases, we hear the same argument. Oh, they ignored our IME. And in many cases, they do, in many cases for good reason. But so Glazer was a treater, wasn't he? Correct. So Glazer gives them a causation opinion, right? He does. And is there something wrong with the foundation? Is he not qualified to give an opinion? He is qualified to provide an opinion, just as Dr. Lanoff is qualified to give an opinion. So anything after that is weight. Everything after that is weight. It's not admissibility. It's weight. So if the opinion is admissible, who gets to determine what weight is to be given to expert testimony? Well, with all due deference to how you prefaced that comment, Your Honor, what you're outlining and laying forth is basically a scenario where the respondent has no challenge to any medical. No, I think not. Let's go back to Justice Hoffman's analysis there. You're saying, I think you're saying, yes, that's true about both of these doctors, treating Dr. Lanoff. The commission erred because let's take Lanoff, credible, qualified, able to give an opinion. But let's also look at all the others, whether they be medical records or the inconsistency of the testimony of the claimant. That added to Lanoff says that the manifest weight of all the evidence in this case should favor the respondent. Correct. That's what you're saying. Correct. But you realize on review, we don't get to do the weighing. We have to say in this record, is there competent, credible, admissible evidence that supports what this commission, which is empowered because of their expertise, at least under the statute, okay, to come up with a decision? Is there anything there that will support that? It is a difficult argument to make on all manifest weight because where does it start tilting now? How much is that quantum of competent, credible evidence for the respondent? Where does it start saying it's really unreasonable, perhaps, whatever word we want to use, for them to hang their hat on just Glazer and the testimony of the claimant? And as you outline, Your Honor, you are accurate. You are correct. However, the standard of manifest weight is such that if an opposite conclusion is clearly apparent, you as the reviewing body can review reverse. So is it clearly apparent that when you take everything that you're arguing now, it's clearly apparent that this was not a compensable injury? And we think so, yes. And we will make the ultimate decision. Yes, you will. Thank you, Your Honors. Thank you, counsel. Counsel, you may respond. May it please the court, my name is Brian McNulty and I represent Officer Eric Schleiman in this case. Ultimately, we are asking this court to affirm the decision of the Circuit Court of DuPage County and the Workers' Compensation Commission. A respondent is asking this court to overturn a question of fact, a decision that was made by the commission on causation of injury, as you know. And we believe that there is plenty of competent, credible evidence in the record to support the decision that the commission made in this case. Lyons argues that there was evidence that was ignored in this case and we disagree with that. As the commission decision points out, there was a history of prior health problems before with this petitioner before his car crash in 2011. That's noted in the decision. His extensive treatment is noted in the decision. And it's also noted in the decision that that extensive treatment was to a different part of his body. And that was argued before the commission, correct? Correct. So to say that that evidence was ignored is not taken well because it was carefully considered. The same way that the issues raised about inconsistencies in the petitioner's testimony being ignored. These were all carefully considered by the commission. And, in fact, they pointed out several inconsistencies on their own and said why they don't think that these are sufficient enough to make them decide the other way. They found most of the inconsistencies to be minor in nature and gave their reasons for doing so. There has been no argument that the reasons given for doing so are not competent or not credible. I mean, there's reasons in the record to support what the commission has decided here. Ultimately, it appears that what Lyons is asking for here is for this Court to determine is there any evidence, competent evidence, in the record to support the decision of the commission. And we believe that there is. And that's your argument? That's my argument. Okay. Thank you, counsel. Thank you. You may have time for applause. Your Honor, the only point I'd like to raise in response to counsel's argument is with respect to these different parts of the body that were discussed throughout the record, I just find it interesting that a police officer who's trained in fact investigation and is bound to find the facts when investigating an accident, whatever the case may be as a police officer, suddenly cannot determine and is deemed incapable of determining where this body pain was pre and post an accident. I just think it's very vague and it's self-supporting. The records indicate that this gentleman had upper thoracic pain pre-accident and post-accident. And the record is clear in that regard. So it is kind of interesting that he kind of plays dumb when it's advantageous to him. But that was the point I just wanted to make. Thank you. Thank you, counsel. Thank you, counsel, both for your arguments in this matter this morning. We take them under advisement and a written disposition shall issue.